IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ACE,<br>          Plaintiff,<br><br>vs.<br><br>ARMSTRONG UTILITIES, INC.,<br>          Defendant. | Civil Action No. 14-526 |

MEMORANDUM ORDER

Plaintiff, Michael Ace, brought this action against his former employer, Defendant Armstrong Utilities, Inc. ("Armstrong"), alleging claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12117 (ADA), Section 504 of the Rehabilitation Act, the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-54 (FMLA) and Section 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140 (ERISA). The Amended Complaint alleges that Defendant failed to accommodate his disability, discriminated against him based on his disability and retaliated against him for taking FMLA leave and in order to prevent him from collecting ERISA benefits, ultimately firing him from his position as an inside sales agent on March 21, 2014.

Presently pending before the Court is a motion for summary judgment, filed by Defendant on June 1, 2015, seeking dismissal of all of Plaintiff's claims. Plaintiff has conceded to the dismissal of his Rehabilitation Act, FMLA and ERISA claims, but otherwise opposes the motion. Defendant has filed a reply brief.

Ordinarily, the Court would now be in a position to review the documents and resolve the pending motion. However, for the following reasons, the submissions of the parties have made this task unnecessarily complicated and time-consuming.

First and foremost, Defendant has not complied with Local Rule 56(B) by submitting a concise statement of undisputed material facts. Rather, Defendant's statement is 40 pages long and contains 282 separate paragraphs; by no definition of the word could this submission be called "concise." Nor are all of the facts material or even arguably undisputed. For example, paragraphs 13-29 of the statement concern Plaintiff's alleged work order errors and examples of tardiness during the period 2008-2010, even though it is agreed that these facts have no connection to Plaintiff's discharge on March 21, 2014, allegedly for his acts of "slamming" customers (that is, billing them for cable services they had not requested). Paragraph 98 states that Plaintiff's supervisor: "Mr. Jobe would not and did not terminate Plaintiff because Plaintiff asked to move his seat." (ECF No. 37 ¶ 98.) Not only is this statement vehemently disputed, it is the ultimate issue in the case. What is undisputed is that Mr. Jobe <u>testified</u> that he did not terminate Plaintiff based on his request for a seat change. <u>See also</u> ECF No. 37 ¶ 70 ("While Plaintiff has alleged that he was terminated because of disability prejudice, no one ever told him that was true.") This statement is not material because it implies that a discrimination case can only be maintained if the employee presents an "admission of guilt" from the employer. Nor is it a material fact that: "Two to five years before Plaintiff filed the Amended Complaint, Plaintiff told [a coworker] that if he was ever terminated he would sue the Company because he already had an attorney on his payroll." (ECF No. 37 ¶ 253.)[1]

For his part, Plaintiff has not complied with Local Rule 56(C) by providing responses that admit or deny the factual statements made by the Defendant. Rather, Plaintiff often replies to arguments not made in Defendant's statements and with counterarguments that belong in his

---

[1] These are examples. Defendant must review the entire concise statement and revise it.

additional statements. For example, Defendant states that "Mr. Spinetti and Mr. Jobe [thought] that a desk with an aisle next to it is a quieter location." (ECF No. 37 ¶ 65.) Plaintiff responds that "Mr. Spinetti and Mr. Jobe either did not have that belief at all, or any such belief was the result of unfounded speculation, because the location where Plaintiff was moved was the absolute closest desk to a break area where other employees watched television with the volume on and, as a result, was probably the loudest location in the entire workspace." (ECF No. 45 ¶ 65.) Plaintiff cannot deny what these witnesses claim to believe. See also ECF No. 45 ¶¶ 141, 146, 151, 235, 259, 374, 376-78 (in which Plaintiff contends that various witnesses' testimony "is false.") In addition, Plaintiff's responsive concise statement is 99 pages long and contains 103 additional statements of fact.

Defendant's reply to Plaintiff's responsive concise statement is 77 pages long, for a total of 216 pages and 385 paragraphs that the parties have devoted to their "concise" statements of fact. The appendixes in support of the statements run to hundreds of pages. This is not a complicated case involving patent law, trademarks or RICO. It is instead a straightforward case of employment discrimination: Plaintiff contends that he was not accommodated regarding his disability and that he was terminated for raising the issue, and Defendant responds that he was terminated for slamming customers. There is no reason why the record in this case should be so lengthy or complicated.

Summary judgment is warranted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). It is not the responsibility of this Court to comb through the voluminous materials submitted to determine whether there are or are

not genuine issues of material fact in this case. Nor is it this Court's responsibility to parse each statement and response to determine if the parties are accurately reporting what a witness said.

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The rule "assist[s] the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." Markham v. White, 172 F.3d 486, 490 (7th Cir. 1999). A district court acts well within its discretion in insisting on compliance with this Local Rule. See Koszola v. Board of Ed. of City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004); Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003); Burke v. Gould, 286 F.3d 513, 517-18 (D.C. Cir. 2002).

In addition, the parties have exceeded the page limits set forth in this Court's practices and procedures, without requesting leave to do so. See Practices and Procedures of Magistrate Judge Robert C. Mitchell § II(B)(expressing a preference for briefs limited to ten pages). Defendant's brief (ECF No. 36) is 32 pages long, Plaintiff's brief in response (ECF No. 44) is 54 pages long and Defendant's reply brief (ECF No. 48) is 22 pages long.

Each of these failures to comply with the Federal Rules of Civil Procedure, the Local Rules and the undersigned's practices and procedures makes the task of resolving the pending motion for summary judgment more difficult. Considered together, they have placed an undue and inappropriate burden on the resources of this Court.

AND NOW, THEREFORE, this 15th day of October, 2015,

IT IS ORDERED that the motion for summary judgment submitted on behalf of Defendant (Docket No. 35) is dismissed without prejudice. Defendant's brief, concise statement of material facts and appendix are stricken from the record, as are Plaintiff's brief in response, responsive concise statement and appendix, and Defendant's reply brief, reply to Plaintiff's responsive concise statement and appendix.

IT IS FURTHER ORDERED that the Defendant may refile its motion for summary judgment by November 12, 2015. The motion, concise statement of facts, brief in support and appendix shall comply with the Federal Rules of Civil Procedure, the Local Rules of Court, the practices and procedures of the undersigned and this Memorandum Order.[2] Plaintiff's response brief, concise statement of material facts and appendix, which shall also comply with these requirements, may be filed by December 2, 2015. Defendant may file a reply brief, which shall comply with these requirements, by December 16, 2015.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

---

[2] As noted above, Plaintiff has conceded to the dismissal of his Rehabilitation Act, FMLA and ERISA claims. Therefore, upon resubmission of their concise statements, the parties should not include any facts relating to these claims.